**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BILLY PRUITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1346-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning July 14, 2012. (R. 11, 199, 203). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the

ALJ erred in assessing residual functional capacity (RFC) by improperly weighing the medical opinions in the record. In arguing that the ALJ accorded insufficient weight to the opinion of his treating physician, Plaintiff argued that "the ALJ was mistaken that Dr. Williams's opinion was inconsistent with [Mr.] Pruitt's credibility" (Pl. Br. 15),[1] and explained how in his view the record supports the credibility of his allegations. Id. at 15-17. The Commissioner accepted this argument as raising the issue of credibility. (Comm'r Br. 17-19). Because the Commissioner addressed the issue, and out of an abundance of caution, the court will address the credibility issue despite that Plaintiff listed the "Issues Presented" in his Brief, and only noted one issue, "whether substantial evidence supports the ALJ's conclusion that the treating source opinion deserved little weight." (Pl. Br. 1).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than

---

[1]Plaintiff's Counsel did not number the pages of Plaintiff's briefs, so the court uses the numbers provided by the software it used to open the portable document file (.pdf) documents filed in the court's Case Management/Electronic Case Filing (CM/ECF) system. In the future, counsel must number every page after the first page in her Briefs.

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 419.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's decision.

## II.     Evaluation of the Medical Opinions

Plaintiff acknowledges that the ALJ weighed the medical source opinions; according substantial weight to the medical opinions of the non-examining state agency psychological consultants, and of Dr. Mintz, the non-treating psychologist who examined Plaintiff and prepared a report of that examination at the request of the agency, but according only partial weight to the medical opinion of Dr. Balson, the non-treating

physician who examined Plaintiff and prepared a report of that examination at the request of the agency, and little weight to the medical opinion of Dr. Williams, Plaintiff's treating psychiatrist, and to the "other" medical source opinion of Ms. Jones, an APRN at SE Kansas Healthcare. (Pl. Br. 11-12). He claims however, that the ALJ did not provide good reasons to discount Dr. Williams's medical opinion. Id. at 12. He argues that the ALJ erred when he found that Dr. Williams relied on Plaintiff's subjective complaints, when he found the opinion inconsistent with the treatment records, when he found the opinion inconsistent with Plaintiff's reports of social interaction and activities of daily living, and when he found that "Dr. Williams's opinion was inconsistent with [Mr.] Pruitt's credibility." Id. at 12-15.

The Commissioner argues that the ALJ properly evaluated the medical source opinions, and explained the bases for his evaluation, pointing to record evidence which in her view supports the ALJ's evaluation. (Comm'r Br. 13-16). She points to Plaintiff's reports which support the ALJ's findings, and record evidence supporting the ALJ's finding that Dr. Williams's opinion was partly based on Plaintiff's subjective reports. Id. at 14-16. She acknowledges that the record contains evidence which might be viewed to support Plaintiff's position, but argues that it is the ALJ's duty to resolve conflicting evidence, and that the evidence supports the ALJ's weighing of the medical source opinions. Id. at 15-16.

### A.     The ALJ's Findings

As Plaintiff acknowledges, the ALJ weighed the medical source opinions of the state agency psychological consultants and of Dr. Mintz, Dr. Balson, Dr. Williams, and Ms. Jones.  (R. 19-21).  He accorded substantial weight to the state agency psychological consultants' opinions because they explained their opinions based on the record evidence, and because the opinions are internally consistent and consistent with the record evidence.  Id. at 19.  He accorded substantial weight to Dr. Mintz's opinion for the same reasons and because Dr. Mintz provided a psychological examination of Plaintiff.  Id. at 20.  Dr. Balson is a medical doctor who gave Plaintiff a physical examination and provided a report of that examination.  Id.  The ALJ accorded only partial weight to Dr. Balson's opinion.  Id.  He gave little weight to Dr. Balson's diagnoses of mental impairments because no other acceptable medical source had made those diagnoses, because Dr. Balson is not a mental health specialist, because Dr. Mintz specifically found that Plaintiff did not display sufficient symptoms to warrant such diagnoses, because Dr. Balson's diagnoses are not consistent with the other medical evidence, and because Dr. Balson appeared to accept Plaintiff's subjective complaints and overstated Plaintiff's limitations despite contrary medical evidence.  Id.  Nevertheless, the ALJ accepted Dr. Balson's opinion that Plaintiff might have problems with social interaction and sustained concentration, and assessed "a limitation to simple work with no more than occasional interaction with members of the public."  (R. 20).

The ALJ stated that he had afforded little weight to Dr. Williams's treating source opinion because his treatment records do not describe such functional limitations; because

the limitations in sustained concentration to which Dr. Williams opined are inconsistent with Plaintiff's mental status examinations which consistently showed intact attention, memory, and concentration; because the limitations in social interaction to which Dr. Williams opined are inconsistent with Plaintiff's reports of attending church, using public transportation, grocery shopping, and his presentation with a neutral mood and congruent affect at regular medical appointments; and, finally, because "it appears that the findings of Dr. Williams are based, in part, on the claimant's subjective reports of anxiety," despite the inconsistencies noted and the medical evidence of Plaintiff's lack of credibility. (R. 21). The ALJ afforded little weight to nurse-practitioner Jones's opinion, recognizing that she is not an acceptable medical source, her limitations are not consistent with Plaintiff's treatment notes, are not consistent with Plaintiff's reported daily activities, she did not explain her findings, and her treatment notes do not document such limitations.

### B.    Standard for Evaluating a Treating Source Opinion

A treating physician's opinion about the nature and severity of a plaintiff's impairments should be given controlling weight by the Commissioner if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify

what lesser weight he assigned that opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Watkins, 350 F.3d at 1300.  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the regulatory factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion.  If the ALJ rejects the opinion

completely, he must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

### C.	Analysis

Plaintiff's Brief implies that Dr. Williams's opinion should have been accorded greater weight than the opinions of the state agency psychological consultants or of Dr. Mintz, but the only reasons he provides for the alleged error are that the ALJ erred in his rationale for discounting Dr. Williams's opinion.  Therefore, the question before the court is whether the ALJ provided specific, legitimate reasons which are supported by the record evidence to discount Dr. Williams's opinion.  The court finds that he did.

Plaintiff argues the ALJ erred in finding that the limitations in sustained concentration to which Dr. Williams opined are inconsistent with Plaintiff's mental status examinations which consistently showed intact attention, memory, and concentration.  This is so, he argues because the treatment records showed impaired recent memory on February 18, 2013, impaired concentration and attention on March 12, 2013, Plaintiff was overwhelmed with filing disability paperwork on April 15, 2014, and Plaintiff was taking Xanax daily for breakthrough symptoms of anxiety and depression.  (Pl. Br. 13).  The ALJ found Dr. Williams's limitations in sustained concentration are inconsistent with his treatment notations of intact attention, memory, and concentration (R. 21) and Plaintiff's arguments regarding being "overwhelmed" with disability paperwork, or having daily symptoms of anxiety and depression are irrelevant to that finding of inconsistency.

9

Plaintiff is correct, however, to note that in February 2013, the Four County Mental Health Center "Admission Evaluation Report" contains a check indicating Plaintiff had impaired recent memory (R. 428), and that Dr. Williams's first treatment note dated March 12, 2013 states that on a mental status exam Plaintiff's "concentration is impaired and his attention is somewhat impaired." (R. 433). These notations are contained in the record of Plaintiff's first evaluation by the mental health center and of his first visit with Dr. Williams. (R. 421-33) (Exhibit 7F). The ALJ summarized these records in his decision, and specifically noted Plaintiff's report at that evaluation that he had been unable to afford his medication for panic attacks, and the ALJ stated, "that after starting medications, the claimant generally presented with adequate memory, . . . intact attention and concentration." (R. 18) (citing Exs. 7F/7/11-12/14, and 18F (R. 423, 429-30, 432, 462-84)). It was the treatment records after Plaintiff's first visit with Dr. Williams and after starting his medication to which the ALJ cited as "consistently documenting" intact attention, memory, and concentration which were inconsistent with Dr. Williams's limitations in sustained concentration. (R. 21) (citing Ex. 18F (R. 462-84)). As the ALJ noted, those records consistently document intact attention, memory, and concentration, and are inconsistent with Dr. Williams's limitations in sustained concentration. Contrary to Plaintiff's argument, the ALJ did not pick and choose among Dr. Williams's treatment records, choosing those records which support his decision and ignoring those which are contrary. Rather, he considered and discussed all of the records and explained how he evaluated them.

Similarly, the record supports the ALJ's finding that the limitations in social interaction to which Dr. Williams opined are inconsistent with Plaintiff's reports of attending church, using public transportation, grocery shopping, and with his presentation with a neutral mood and congruent affect at regular medical appointments.  Plaintiff's numerous citations to Plaintiff's reports to Dr. Williams of anxiety attacks do not change the fact that Plaintiff's reports of social activities and his neutral mood and congruent affect are inconsistent with the <u>degree of limitations</u> in social interaction opined by Dr. Williams.  The ALJ did not find that Plaintiff has <u>no</u> limitation in social interaction.  Rather, he limited Plaintiff to a "work environment that does not require more than occasional contact with the general public."  (R. 16).  Plaintiff's argument that the ALJ's reliance on these activities is equivalent to an improper reliance on the performance of sporadic household chores is without merit.  The ALJ did not rely on these reported activities to show that Plaintiff is capable of performing numerous physical activities or work, but to show that he is capable of greater social interaction than Dr. Williams opined.

Plaintiff's argument of error in the ALJ's conclusion "that Dr. Williams's opinion relied heavily on [Mr.] Pruitt's subjective complaints" (Pl. Br. 12) is perhaps Plaintiff's best argument in regard to weighing Dr. Williams's opinion, but it also fails.  Specifically, the ALJ found "that the findings of Dr. Williams are based, <u>in part</u>, on the claimant's subjective reports of anxiety."  (R. 21) (emphasis added).  The Tenth Circuit has recognized that:

11

> The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements. A psychological opinion need not be based on solely objective "tests"; those findings "may rest either on observed signs and symptoms or on psychological tests."

Thomas v. Barnhart, 147 F. App'x 755, 759 (10th Cir. 2005) (quoting Robinson, 366 F.3d at 1083). Therefore, both the Commissioner and a reviewing court must recognize that a psychiatrist's or a psychologist's opinion is at least partially dependent on the patient's subjective complaints. And, as Plaintiff points out, "an ALJ may not make speculative inferences from medical reports." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002). Where an ALJ has no legal or evidentiary basis for finding that a treating physician's opinion is based "only on claimant's subjective complaints," his conclusion to that effect is merely speculation which falls within the prohibition of McGoffin. Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004). Such a conclusion must be based upon evidence drawn from the administrative record. Victory v. Barnhart, 121 F. App'x 819, 823-24 (10th Cir. 2005) (finding "no support in the record for the ALJ's conclusion" that the treating physician "must have relied quite heavily upon claimant's subjective complaints") (emphasis added).

First, this case may be readily distinguished from both Langley and Victory. In Langley, the ALJ found that the treating physician's opinion "was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.'" 373 F.3d at 1121 (emphasis added). In Victory, the ALJ "concluded that [the treating physician] must have relied quite heavily upon claimant's subjective complaints." 121 F. App'x at 823

(emphasis added). Here, the ALJ did not find that Dr. Williams based his opinion only upon Plaintiff's subjective complaints or that Dr. Williams relied quite heavily upon Plaintiff's subjective complaints. Rather, after providing three other reasons to discount Dr. Williams's opinion, the ALJ found that Dr. Williams's opinion was "based, <u>in part</u>, on the claimant's subjective reports of anxiety." (R. 21) (emphasis added). This finding belies Plaintiff's argument that the ALJ found "Dr. Williams's opinion relied heavily on [Mr.] Pruitt's subjective complaints." (Pl. Br. 12).

Moreover, the ALJ's finding is based on the evidentiary record. As quoted above, the ALJ explained that his finding in this regard was based on Dr. Williams's reliance on Plaintiff's subjective reports of anxiety, despite the medical evidence discussed previously in the decision which did not support Plaintiff's allegations of disabling anxiety. (R. 21). As the ALJ explained, he had discussed the medical evidence regarding anxiety at least three times earlier in his decision:

> With ongoing therapy and medication, the claimant reported a decrease in his panic attacks, and he generally presented with a euthymic mood and a full and congruent affect

(R. 15) (citing Ex. 18F (R. 462-84)).

> Medical records indicate that the claimant does have a history of complaints of panic attacks. However, treatment notes from Four County Mental Health dated January 14, 2014 reveal that the claimant reported that although he continued to struggle with anxiety, he felt like he was doing "pretty well" overall with his medications, and that the medications made a "big difference" for him (Exhibit 18F/16 [(R. 477)]). His medications were continued unchanged with no evidence of side effects or complaint of worsening symptoms. Overall, even though treatment notes show that the claimant had symptoms of anxiety, these notes also indicate that the

13

> claimant did not report problems and did well when he was compliant with medication.

(R. 18-19).

> The claimant testified that he experiences <u>approximately</u> two panic attacks a week. However, progress notes dated March 19, 2013 reveal that the claimant reported that his anxiety symptoms were improving, and that while he "almost" had a panic attack the prior week, he was able to "keep it at bay" (Exhibit 18F/1 [(R. 462)]). On follow up in April 2014, the claimant reported some ongoing struggles with anxiety, but further noted that he was not having any clear panic attacks (Exhibit 19F/20 [(R. 481)[2]]).

(R. 19) (emphasis added). Plaintiff has shown no error in the ALJ's evaluation of Dr. Williams's opinion.

## III. Credibility

The court follows the Commissioner's lead and accepts that Plaintiff claims error in the ALJ's credibility determination. Plaintiff argues that his "reports of improvement with medication do not detract from his credibility" because at one point he reported only a five to ten percent improvement. (Pl. Br. 15-16). He argues that the ALJ erred in finding that the evidence does not support two panic attacks a week because he merely testified that he "sometimes" has them twice a week but did not provide a specific frequency, and the record evidence supports symptoms of anxiety and panic every other day, and taking Xanax on a daily basis. (Pl. Br. 16). Finally, Plaintiff argues that the ALJ erred in relying on Plaintiff's social activities to find his allegations of social limitations

---

[2]Exhibit 19F does not contain 20 pages. The record at p. 481 contains the information cited by the ALJ, but it is Exhibit 18F/20, not Exhibit 19F/20.

14

incredible, because he testified that he leaves church when too much attention is drawn to him, he testified he spends a lot of the day at home by himself, and his activities do not demonstrate that he "has the capacity to interact appropriately, without breakthrough anxiety symptoms, eight-hours a day, five days a week in a competitive work environment." Id. at 17.  The Commissioner argues that the ALJ properly assessed the credibility of Plaintiff's allegations of symptoms resulting from her impairments.  She argues that the ALJ relied upon objective medical evidence inconsistent with Plaintiff's allegations and with activities in which Plaintiff engaged, and that the ALJ provided legally sufficient reasons for his credibility determination.  (Comm'r Br. 18-19).

The court's review of an ALJ's credibility determination is deferential.  Such determinations are generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.

Therefore, in reviewing an ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule").  "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the

guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

According the ALJ's credibility determination the deference it is due, the court finds no error in his findings. The ALJ discounted Plaintiff's allegations because they are inconsistent with objective medical evidence and with examination findings, because he found statements made to treating and examining medical sources more reliable than statements made in applications for disability or at a disability hearing, and because Plaintiff's daily activities demonstrated mental abilities inconsistent with the severity of mental impairments alleged. (R. 18-19). The ALJ explained his evaluation of the evidence and how he determined it was inconsistent with Plaintiff's allegations, and has closely and affirmatively linked it to the record evidence. (R. 17-19).

Plaintiff's citation to record evidence which might be viewed as supporting the credibility of his allegations is unavailing. As almost always occurs in a Social Security disability case, the record here contains evidence which supports the ALJ's decision and evidence which supports a contrary decision. The question is not whether a plaintiff can provide an argument based upon such evidence, but whether the ALJ applied the correct legal standard and whether his decision is supported by substantial evidence in the record. Lax, 489 F.3d at 1084; accord, White, 287 F.3d at 905.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly

conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." <u>Lax</u>, 489 F.3d at 1084 (citations, quotations, and bracket omitted); <u>see also</u>, <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620 (1966). Plaintiff shows no error in the ALJ's credibility determination.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 17th day of October 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
